**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IN RE THE APPLICATION OF:

PETER MIKOVIC,

          Petitioner,

vs.                                      Case No. 3:07-cv-697-32TEM

AMY ANN MIKOVIC,

          Respondent.

## TEMPORARY RESTRAINING ORDER[1]

This matter comes before the Court on Petitioner's Motion for Temporary Restraining Order, seeking to enjoin the Respondent, Amy Ann Mikovic ("Respondent"), from taking or sending the child, MPM, out of the jurisdiction of this Court during the pendency of the Hague Convention proceedings. Simultaneously with the instant Motion, Petitioner has filed with the Court his *Verified Petition, Pursuant To The Hague Convention, For Return Of Child To The Country Of Habitual Residence* ("Verified Petition"). The Verified Petition is brought pursuant to The Hague Convention on the Civil Aspects of International Child Abduction, October 25, 1980, T.I.A.S. No. 11670, 19 I.L.M. 1501, (the "Hague Convention") and its

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it is intended to decide the motion addressed herein and is not intended for official publication or to serve as precedent.

implementing legislation in the United States, the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. § 11601, *et seq.*  Having reviewed the Verified Petition and applicable authorities, the Court finds as follows:

    1.    It is within the Court's discretion whether to grant an injunction. <u>All Care Nursing Serv. v. Bethesda Memorial Hosp., Inc.</u>, 887 F.2d 1535, 1537 (11th Cir. 1989).  In order for a court to grant injunctive relief, a movant must show: (1) the movant has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered if the injunction does not issue; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction will cause the opposing party; and (4) that the proposed injunction would not be adverse to the public interest. <u>Id.</u>; <u>Gross v. Barnett Banks, Inc.</u>, 934 F. Supp. 1340, 1347 (M.D. Fla. 1995) (Schlesinger, J.).

    2.    The intent behind the formation of the Hague Convention was to protect children internationally from the harmful effects of one parent removing the child or children from the habitual residence and parent and taking them to another country. <u>See</u> Hague Convention, Preamble.  Thus, the Hague Convention is designed to "secure the prompt return of children wrongfully removed to or retained in any Contracting State," and to "ensure that rights of custody and of access

under the law of one Contracting State are effectively respected in the other Contracting States." Hague Convention, Art. 1(a), (b). See also Lops v. Lops, 140 F.3d 927, 935 (11th Cir. 1998).

3. "The [Hague] Convention is designed to restore the pre-abduction status quo and to deter parents from crossing international borders in search of a more sympathetic forum." Furnes v. Reeves, 362 F.3d 702, 710 (11th Cir. 2004); Lops, 140 F.3d at 936. Thus, under the Hague Convention and ICARA, a court does not inquire into the underlying merits of the custody dispute. Rather, it allows the return of the child to the forum of the habitual residence, so that resolution of the custody dispute may be decided by the courts there.

4. ICARA provides that the Court "may take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition." 42 U.S.C. § 11604(a).

5. Petitioner and Respondent are currently married and therefore have joint parental responsibility for their sole child, MPM, under the laws of England and Wales. MPM is approximately three years old.

6. Respondent left the United Kingdom, taking MPM with her, and came to Jacksonville, although Respondent knew that Petitioner cannot travel to the United States in order to maintain contact with his son.

7. Respondent and MPM are currently located in Jacksonville.

8. Given Respondent's past actions, threats to flee with MPM, and the lack of ties to Northeast Florida, there is a strong likelihood that Respondent will take MPM out of this Court's jurisdiction. Thus, entry of a Temporary Restraining Order without prior notice is appropriate.

9. The likelihood that Respondent will flee this Court's jurisdiction with MPM will increase dramatically when she is served with the Verified Petition seeking return of MPM to the United Kingdom.

10. There is no adequate remedy at law to prevent Respondent from leaving with MPM or sending MPM to stay with others outside the jurisdiction of this Court.

11. Petitioner is substantially likely to succeed on the merits of his Hague Convention petition, because, according to the Verified Petition, (i) he has rights of custody over MPM; (ii) Respondent wrongfully removed MPM from his habitual residence in the United Kingdom; and (iii) Petitioner was exercising his rights of custody at the

      time of Respondent's wrongful removal of MPM from the United Kingdom.

      12. Taking MPM out of this Court's jurisdiction will cause irreparable harm to both MPM and to Petitioner's rights of custody.

      13. On the other hand, the harm or inconvenience to Respondent that could be caused by an order to stay within the Court's jurisdiction would be, at most, *de minimus*.

      14. Pursuant to the foregoing, the Court finds that Petitioner has established the elements necessary for the issuance of the Temporary Restraining Order.

      15. Pursuant to the Hague Convention, Art. 22, the Court waives the usual bond requirement Rule 65(c), as this is not a case suited to monetary bonds.

Accordingly, it is hereby **ORDERED** that:

1. Amy Ann Mikovic is **ENJOINED** from removing MPM or sending MPM outside the jurisdiction of this Court, the Jacksonville Division of the Middle District of Florida, during the pendency of this case.

2. Amy Ann Mikovic is to turn over her passports and the passports for MPM to the Clerk of this Court within 24 hours of service of this Order, and the Clerk of Court shall hold the passports until further order from the Court.

3. Amy Ann Mikovic is to inform the Court and Petitioner of MPM's current address and phone number within 24 hours of service of this Order.

4. Amy Ann Mikovic is **ENJOINED** and **RESTRAINED** from changing MPM's residence without first obtaining an order from this Court.

5. Petitioner will forthwith serve all pleadings in this case, including a copy of the Temporary Restraining Order, on Respondent.

6. A **hearing** as to whether this Temporary Restraining Order should be converted into a preliminary injunction will be held on **August 10, 2007** at **10:00 a.m.**, in Courtroom 10B, Tenth Floor, United States Courthouse, 300 North Hogan Street, Jacksonville, Florida.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of August, 2007, at 5:15 p.m.

_____
TIMOTHY J. CORRIGAN
United States District Judge

j.
Copies to:
Counsel of Record